July 12, 1978

**78-38 MEMORANDUM OPINION FOR DEPUTY ASSISTANT ATTORNEY GENERAL, ANTITRUST DIVISION**

**Standards of Conduct (28 CFR Part 45)—Service of Employee in State Chapter of a National Organization**

This is in response to your request for our opinion regarding the propriety of Mr. A, an attorney in your Division, engaging in certain activities as a member of a national organization ("the organization").

The principal issue is whether A may serve as chairman of the Legal Affairs Committee of his State's chapter of the organization. The Legal Affairs Committee has the responsibility for assisting in litigation undertaken by the organization, recommending to the leadership of the State chapter areas of potential legal involvement, and representing the State chapter as a party or *amicus curiae* in litigation. In addition, the committee would advise the leadership of the State chapter regarding compliance with laws that the organization monitors, draft legislation to be supported by the organization at the State level, and analyze legislation prepared by others. As chairman, A would direct the activities of the committee, handling some work himself and delegating other work to members of the committee.

Rendering legal advice and analysis and recommending and conducting litigation are traditional activities of a lawyer. It is clear that A's activities as chairman or even as an active member of the Legal Affairs Committee would constitute the private practice of his profession and therefore be prohibited by 28 CFR 45.735-9(a).[1] The Associate Attorney General may make specific exceptions to this prohibition in "unusual circumstances," upon a written application from the employee, directed through his superior. 28 CFR 45.735-9(c). Typically, this exempting power has been exercised with respect to individual cases or matters where a need arises, *e.g.*, to permit a lawyer joining the Department to complete work on a case that he was handling in private practice. Whether an exemption is appropriate in the present situation is

---

[1] The absence of compensation is immaterial on this point.

a matter for the Associate Attorney General. Were the Associate Attorney General to grant an exemption, A would nevertheless be prohibited by 18 U.S.C. § 205 from acting as "agent or attorney" for the organization in cases or other matters in which the United States is a party or has a direct and substantial interest.

A also inquires about other activities of the organization unrelated to the work of the Legal Affairs Committee that principally derive from his role as chairman of the organization's National Issues Committee for a congressional district in his State. These activities include attendance at meetings, educating present and prospective members, appearing on radio programs, and lobbying elected officials, usually Members of Congress.

The Department's regulations do not prohibit membership in an outside organization or active participation in its affairs. Nor do the regulations ordinarily prohibit an employee from petitioning elected officials at the Federal or State level on his own behalf or on behalf of an outside organization. *See also* 5 U.S.C. § 7102. A should not, however, perform any of these activities on official time or allow his position as a Department employee to be used in any way in connection with his activities. In addition, if the occasion arises in which the organization becomes involved in an issue of particular interest to the Antitrust Division, consideration should be given to whether A's activities would create a real or apparent conflict of interest. 28 CFR 45.735-9(d).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*